IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-295-SMY-DGW |
| IYMAN FARIS, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

The United States of America (the "Government") filed this action seeking an Order revoking Defendant Iyman Faris' United States citizenship pursuant to 8 U.S.C. § 1451(a). This matter is now before the Court for consideration of Defendant's Motion to Stay (Doc. 40), in which Defendant moves to stay this litigation for 27 months – until he is released from custody – or, for an order transferring him to the Metropolitan Correctional Center ("MCC") in Chicago, Illinois. For the following reasons, the Motion is **DENIED**.

The grant of a stay is "an exercise of judicial discretion, and the party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Ind. State Police Pension Tr. v. Chrysler LLC*, 556 U.S. 960, 961 (2009) (quoting *Nken v. Holder*, 556 U.S. 418, 443 (2009)) ("[a] stay is not a matter of right, even if irreparable injury might otherwise result"). "In [deciding] a motion for stay, courts consider both the interest of judicial economy and the potential prejudice or hardship to the parties." *Walker v. Merk & Co., Inc.*, 2005 WL 1565839, at *2 (S.D. Ill. June 22, 2005). "[I]f there is even a fair possibility that the stay… will work damage to someone else, the party seeking the stay must make out a clear case

of hardship or inequity in being required to go forward." *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936).

When deciding whether to grant a motion to stay proceedings, the Court must balance the following considerations: "(i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and the court." *Guil v. All. Res. Partners, L.P.*, 2017 WL 1132613 (S.D. Ill. Mar. 3, 2017) (quoting *Markel Am. Ins. Co. v. Dolan*, 787 F. Supp. 2d 776, 779 (N.D. Ill. 2011)); *see also In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012). Here, these factors militate against a stay.

Defendant asserts that a stay is warranted because his current confinement interferes with his ability to meaningfully consult with Counsel and inhibits his access to documents needed to defend himself in this case. The Government opposes a stay, asserting that Defendant has been able to communicate with his counsel via legal mail and unmonitored telephone calls. Further, the Government maintains that it would prejudice the United States and be against the public interest to delay determining whether Defendant should be denaturalized.

There is no indication in the record that Defendant has been unable to comply with discovery due to his incarceration or that he has been unable to confer with his counsel. FCC Terre Haute has not turned down any request for a telephone call between Defendant and his counsel, and neither Defendant nor his counsel have voiced any complaints to the prison staff about their ability to communicate with each other (Doc. 41-1, at ¶ 5).

Moreover, a stay will not simplify the issues, streamline trial, or reduce the burden of litigation on the parties and the Court. Discovery is nearly complete, dispositive motions are due to be filed in approximately 3 weeks (on October 24, 2018), and this case is scheduled for a

bench trial on February 11, 2019.  As such, judicial economy will not be served by granting the requested stay in light of the current posture of this litigation.   A 27-month stay would also be unduly prejudicial to the Government's interest in the expeditious resolution of this litigation.  For these reasons, Defendant's motion to stay will be denied.

In the alternative, Defendant requests that this Court order the Government to transfer him from FCC Terre Haute to the MCC located in Chicago, Illinois.  But this Court has no authority to order that a federal inmate be confined in a particular facility.  *See United States v. Johnson*, 223 F.3d 665, 673 (7th Cir. 2000).  Thus, Defendant's request will also be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  October 2, 2018**

>  s/ Staci M. Yandle
>  **STACI M. YANDLE**
>  **United States District Judge**